UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

OSSIE HAITH,

                                         Plaintiff,        **COMPLAINT**

-against-

                                       07 Civ. 3360 (GBD)

THE CITY OF NEW YORK, P.O. JORGE PUGA, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe    **JURY TRIAL DEMANDED**
being fictitious, as the true names are presently unknown),

                                       Defendants.

------------------------------------------------------------------------X

       Plaintiff OSSIE HAITH, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

       4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff OSSIE HAITH is a Black male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. JORGE PUGA and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.    On June 3, 2004, at approximately 12:00 p.m., plaintiff OSSIE HAITH was lawfully present in the 125th Street station of the Lexington Avenue subway line, in the County, City and State of New York.

14.    At aforesaid time and place, plaintiff OSSIE HAITH was suddenly accosted by members of the New York City Police Department.

15.    Defendants grabbed plaintiff OSSIE HAITH, threw him against the wall, twisted his arm, elbowed him in the back, and handcuffed him too tightly.

16.    As a result of this unprovoked assault, plaintiff OSSIE HAITH sustained, *inter alia*, injuries to his chest, back, and wrists.

17.    Defendants placed plaintiff OSSIE HAITH under arrest for criminal possession of a forged instrument, despite defendants' knowledge that they lacked probable cause to do so.

18.    Defendants then transported plaintiff OSSIE HAITH to Transit District 3 of the New York City Police Department, in Manhattan, New York.

20.    Defendants initiated criminal proceedings against plaintiff OSSIE HAITH, despite defendants' knowledge that they lacked probable cause to do so.

21.    Plaintiff OSSIE HAITH remained in custody until June 10, 2004, when all criminal charges against him were dismissed.

22.    As a result of the foregoing, plaintiff OSSIE HAITH sustained, *inter alia*, physical and emotional injuries, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff OSSIE HAITH of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. As a result of the aforesaid conduct by defendants, plaintiff OSSIE HAITH was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff OSSIE HAITH's liberty was restricted for an

extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants misrepresented and falsified evidence before the District Attorney.

34. Defendants did not make a complete and full statement of facts to the District Attorney.

35. Defendants withheld exculpatory evidence from the District Attorney.

36. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff OSSIE HAITH.

37. Defendants lacked probable cause to initiate criminal proceedings against plaintiff OSSIE HAITH.

38. Defendants acted with malice in initiating criminal proceedings against plaintiff OSSIE HAITH.

39. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff OSSIE HAITH.

40. Defendants lacked probable cause to continue criminal proceedings against plaintiff OSSIE HAITH.

41. Defendants acted with malice in continuing criminal proceedings against plaintiff OSSIE HAITH.

42. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

43. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff OSSIE HAITH's favor on or about June 10, 2004, when all charges against him were dismissed.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants issued legal process to place plaintiff OSSIE HAITH under arrest.

46. Defendants arrested plaintiff OSSIE HAITH in order to obtain a collateral objective outside the legitimate ends of the legal process.

47. Defendants acted with intent to do harm to plaintiff OSSIE HAITH without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff OSSIE HAITH's constitutional rights.

50. As a result of the aforementioned conduct of defendants, plaintiff OSSIE HAITH was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

52. Defendants arrested and incarcerated plaintiff OSSIE HAITH in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas); and

   b) using excessive force while making such arrests.

56. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Quentin Boyd v. City of New York,** United States District Court, Eastern District of New York, 03 CV 3930;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136.

57.  The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

58.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff OSSIE HAITH.

59.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff OSSIE HAITH as alleged herein.

60.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff OSSIE HAITH as alleged herein.

61.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff OSSIE HAITH was assaulted, falsely arrested, and maliciously prosecuted.

62.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff OSSIE HAITH.

63.  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff OSSIE HAITH's constitutional rights.

64.  All of the foregoing acts by defendants deprived plaintiff OSSIE HAITH of federally

protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    To be free from malicious abuse of process;

    E.    Not to have excessive force imposed upon him;

    F.    Not to have cruel and unusual punishment imposed upon him; and

    G.    To receive equal protection under the law.

65.    As a result of the foregoing, plaintiff OSSIE HAITH is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff OSSIE HAITH demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
            April 25, 2007

                                                      /s
                                       ROSE M. WEBER (RW 0515)
                                       225 Broadway, Suite 1608
                                       New York, NY 10007
                                       (212) 748-3355