UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

OSSIE HAITH,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. JORGE PUGA, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 3360 (GBD)

      Ossie Haith, by his attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for his answer to the complaint, respectfully allege, upon information and

belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the complaint, except

admit plaintiff purports to proceed as stated therein.

      2.    Deny the allegations set forth in paragraph "2" of the complaint, except

admit plaintiff purports to proceed as stated therein.

      3.    Deny the allegations set forth in paragraph "3" of the complaint, except

admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      4.    Deny the allegations set forth in paragraph "4 of the complaint, except

admit plaintiff purports to base venue as stated therein.

      5.    Paragraph "5 of the complaint contains no averments of fact; accordingly,

no response is required.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6 of the complaint.

7.    Admits the allegations set forth in paragraph "7 of the complaint.

8.    Defendants state that the allegations in paragraph "8" of the complaint constitute legal conclusions to which no response is required, except defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit Jorge Puga is employed by defendant City of New York.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint and respectfully refer all questions of law to the Court.

11.    Paragraph "11" states conclusions of law rather than averments of fact; accordingly, no response is required.

12.    Paragraph "12" states conclusions of law rather than averments of fact; accordingly, no response is required.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit plaintiff was in the subway station located at 125th Street and Lexington Avenue in New York, New York on June 3, 2004.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit plaintiff was charged with criminal possession of forged instrument.

18.    Admit the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "20" of the complaint.[1]

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit all charges were dismissed on June 10, 204.

21.    Deny the allegations set forth in paragraph "22" of the complaint.

22.    In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21" inclusive of this answer, as if fully set forth herein.

23.    Deny the allegations set forth in paragraph "24" of the complaint.

24.    Deny the allegations set forth in paragraph "25" of the complaint.

25.    Deny the allegations set forth in paragraph "26" of the complaint.

26.    Deny the allegations set forth in paragraph "27" of the complaint.

27.    Deny the allegations set forth in paragraph "28" of the complaint.

28.    In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" inclusive of this answer, as if fully set forth herein.

29.    Deny the allegations set forth in paragraph "30" of the complaint.

30.    Deny the allegations set forth in paragraph "31" of the complaint.

---

[1] There is no paragraph "19" in the complaint.

31.     In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30" inclusive of this answer, as if fully set forth herein.

32.     Deny the allegations set forth in paragraph "33" of the complaint.

33.     Deny the allegations set forth in paragraph "34" of the complaint.

34.     Deny the allegations set forth in paragraph "35" of the complaint.

35.     Deny the allegations set forth in paragraph "36" of the complaint.

36.     Deny the allegations set forth in paragraph "37" of the complaint.

37.     Deny the allegations set forth in paragraph "38" of the complaint.

38.     Deny the allegations set forth in paragraph "39" of the complaint.

39.     Deny the allegations set forth in paragraph "40" of the complaint.

40.     Deny the allegations set forth in paragraph "41" of the complaint.

41.     Deny the allegations set forth in paragraph "42" of the complaint.

42.     Deny the allegations set forth in paragraph "43" of the complaint.

43.     Deny the allegations set forth in paragraph "44" of the complaint, except admit charges were dismissed on June 10, 2004.

44.     In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43" inclusive of this answer, as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "46" of the complaint.

46.     Deny the allegations set forth in paragraph "47" of the complaint.

47.     Deny the allegations set forth in paragraph "48~" of the complaint.

48.    In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "47" inclusive of this answer, as if fully set forth herein.

49.    Deny the allegations set forth in paragraph "50" of the complaint.

50.    Deny the allegations set forth in paragraph "51" of the complaint.

51.    In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50" inclusive of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "53" of the complaint.

53.    Deny the allegations set forth in paragraph "54" of the complaint.

54.    Deny the allegations set forth in paragraph "55" of the complaint.

55.    Deny the allegations set forth in paragraph "56" of the complaint, inclusive of all subparts.

56.    Deny the allegations set forth in paragraph "57" of the complaint.

57.    Deny the allegations set forth in paragraph "58" of the complaint.

58.    Deny the allegations set forth in paragraph "59" of the complaint.

59.    Deny the allegations set forth in paragraph "60" of the complaint.

60.    Deny the allegations set forth in paragraph "61" of the complaint.

61.    Deny the allegations set forth in paragraph "62" of the complaint.

62.    Deny the allegations set forth in paragraph "63" of the complaint.

63.    Deny the allegations set forth in paragraph "64" of the complaint, including all subparts.

64.    Deny the allegations set forth in paragraph "65" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

65.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

66.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

67.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

68.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

69.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

70.    Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

71.    The individual defendant Jorge Puga has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

72.    There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

73.    Plaintiff cannot recover punitive damages from defendant City of New

York.

**WHEREFORE,** defendants City of New York and Jorge Puga request judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 19, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-141
                              New York, New York 10007
                              (212) 788-0869

                              By:    /s/ Jordan M. Smith
                                     JORDAN M. SMITH (JS 7186)
                                     Assistant Corporation Counsel

To:    Rose M. Weber, Esq. (by ECF)
       225 Broadway, Suite 1608
       New York, NY 10007